In the Matter of Edward A.B.
CASTALDO, Respondent.

No. 49S00–0902–DI–70.

Supreme Court of Indiana.

Nov. 20, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* Respondent was retained by the State of Arizona to domesticate a judgment and enforce it against an Indiana resident. Respondent failed to take action or respond to inquiries from the State of Arizona. Respondent received funds for the filing fee in advance, deposited them in his trust account, and let the account balance drop to zero without using the funds for the intended purpose. Respondent returned the funds to the State of Arizona only after being notified that the Commission was investigating the matter.

*Count 2.* A client paid Respondent $400 for assistance with two tax-related disputes. After providing some services, Respondent did not respond to the client's repeated attempts to contact him and did not resolve either of the tax issues for the client.

*Other facts.* A fact in aggravation is Respondent's pattern of neglect and lack of communication with clients. Facts in mitigation are: (1) Respondent has no disciplinary history; (2) Respondent's untreated depression contributed to his misconduct; (3) Respondent cooperated with the Commission in investigating his mental health status and is currently responding well to treatment for depression; and (4) Respondent did not act out of selfish or dishonest motives.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.

1.15(c): Failure to deposit into a client trust account expenses that have been paid in advance, to be withdrawn by the lawyer only as expenses are incurred.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, beginning on the date of this order, all stayed subject to completion of 24 months of probation. The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:**

(1) Respondent's probation shall include mental health treatment and JLAP monitoring.

(2) Respondent shall attend a Trust Account Management Course approved by the Commission.

(3) If Respondent violates his probation, his probation may be revoked and the stayed suspension may be fully

executed with or without automatic reinstatement.

Notwithstanding the expiration of term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, any hearing officer appointed in this case is discharged.

All Justices concur.